# Exhibit A



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/873,975 | 06/12/97 | NAZEM | 017887-3 |

LM02/1224
TOWNSEND AND TOWNSEND AND CREW
TWO EMBARCADERO CENTER
8TH FLOOR
SAN FRANCISCO CA 94111-3834

| EXAMINER |
|---|
| LINTZ, P |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2771 | 4 |

DATE MAILED: 12/24/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
*U.S. GPO: 1998-437-638/80022

1- File Copy

A1

| *Office Action Summary* | Application No. 08/875,975 | Applicant(s) Nazem et al. |
|---|---|---|
| | Examiner Paul R. Lintz | Group Art Unit 2771 |

☒ Responsive to communication(s) filed on *Jun 12, 1997*

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-9* is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-7 and 9* is/are rejected.

☒ Claim(s) *8* is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
        ☐ received.
        ☐ received in Application No. (Series Code/Serial Number) _____ .
        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---*

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)        Office Action Summary        Part of Paper No. ___4___

Application/Control Number: 08/873,975   Page 2
Art Unit: 2771                          017887-3

1.   Claims 1-9 are submitted for examination.

### Claim Rejections - 35 USC § 102

2.   The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.

3.   Claims 1 and 4 are rejected under 35 U.S.C. 102(a) as being anticipated by Garris ( "Grab that Database").

4.   As to claim 1, Garris disclosed: a) a database of user configurations (**page 45, lines 28-31**); b) means for obtaining information from the user referencing a record in the database of user configurations (**page 45, lines 32-36**); c) means for generating a template based upon the record for the user (**page 48, line 49 - page 49, line 5**) ; d) a plurality of user processes, one process per user accessing the server system (**WebObjects was on the Internet**); e) a shared memory and a data structure for storing dynamic information (**page 45, line 32 - page 46, line 4**); f) response means for responding to a request with an information page containing dynamic information from the data structure (**page 45, line 32 - page 46, line 4**).

5.   As to claim 4, Garris disclosed inherently caching templates (**page 45, line 32 -37; page 48, line 49 - page 49, line 5**).

### Claim Rejections - 35 USC § 103

6.   The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

A3

Application/Control Number: 08/873,975                                    Page 3
Art Unit: 2771                                                        017887-3

      This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of 35 U.S.C. 103© and potential 35 U.S.C. 102(f) or (g) prior art under 35 U.S.C. 103(a).

7.    Claim 5 is rejected under 35 U.S.C. 103(a) as being unpatentable over Garris.

8.    As to claim 5, Garris did not teach a cache, however, such a cache would have been obvious for one of ordinary skill in the art of computers to have used in order to speed retrieval of stored templates.

9.    Claims 2-3, and 5-9 are rejected under 35 U.S.C. 103(a) as being unpatentable over Garris as applied to claims 1 and 4 and further in view of Herz et al. (US 5,754,938).

10.    As to claim 2 and 3, Garris did not teach a plurality of servers with means for assigning one of a plurality of servers to users who send requests, but do not have an associated user process.

11.    Herz taught a plurality of servers (**Figure 1, Figure 2**) which assigned a user to an information server on the Internet.

12.    It would have been obvious for one of ordinary skill in the art of computers to have used the invention of Garris with the plurality of information servers of Herz et al. In order to have ease of bypassing the CGI servers on the Internet and to directly access the information servers with a computer program such as WebObjects taught by Garris.

13.    As to claim 6, Hetz et al taught demographic profiles for users (**Column 35, line 56-63**) reasons for combining Herz and Garris were given previously.

14.    As to claim 7, Herz taught a default demographic profile (**Column 56, line 8-23; Column 52, line 4-6; Column 64, line 38-43**) for a news clipping service which included weather, news, and sports.

Application/Control Number: 08/873,975          Page 4
Art Unit: 2771          017887-3

15. As to claim 9, Garris and Herz taught all the features of this claim, having taught a news clipping service (**Column 55, line 38-47; (Column 56, line 8-23; Column 52, line 4-6; Column 64, line 38-43**) with stock prices, news, weather, and sports.

*Allowable Subject Matter*

16. Claim 8 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

17. The following is a statement of reasons for the indication of allowable subject matter: As to claim 8, Applicant's particular means including translating, comparing, and determining threshold distance means, together with the other limitations of the claim 8 and the claims upon which it depends, were not disclosed by, would not have been obvious over, nor would have been fairly suggested by the prior art of record.

*Conclusion*

18. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

19. Herz et al. (US 5,754,938; US 5,754,939; US 5,835,087) disclosed customizing web pages using user profiles. The patents are highly relevant to Applicant's claimed invention.

20. Dasan (US 5,761,662) disclosed a personalized information retrieval service using a user profile. The Abstract and Disclosure are highly relevant.

21. Funk (US 5,793,497) disclosed delivering personalized information to users with electronic mail. The Abstract and Disclosure are highly relevant.

22. Shane (US 5,793,972) disclosed creating personalized web pages with user profile data. The Abstract and Disclosure are highly relevant.

23. Garris ("Grab that Database") is highly relevant and was used to reject claims.

A5

Application/Control Number: 08/873,975  Page 5
Art Unit: 2771  017887-3

## POINTS OF CONTACT

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Dr. Paul R. Lintz whose telephone number is (703) 305-3832. The Examiner can normally be reached on Mondays through Fridays from 8:00 am until 4:30 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Thomas Black, can be reached at (703) 305-9707. The fax phone number for Art Unit 2307 is (703) 305-9731.. NOTE: <u>Documents transmitted by facsimile will be entered as official documents on the file wrapper unless clearly marked "DRAFT"</u>.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-9600.

A6

Application/Control Number: 08/873,975                                    Page 6
Art Unit: 2771                                                          017887-3

**Any response to this action should be mailed to:**

Commissioner of Patents and Trademarks

Washington, D.C. 20231

**or faxed to:**

(703) 308-9051, (for formal communications intended for entry)

**Or:**

(703) 305-9724 (for informal or draft communications, please label

"PROPOSED" or "DRAFT")

Hand-delivered responses should be brought to Crystal Park II, 2121 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).

*Paul R. Lintz*
**Paul R. Lintz**
Patent Examiner
Art Unit 2307
**December 18, 1998**

*Paul R. Lintz*
Paul R. Lintz
Primary Examiner

A7

| Notice of References Cited | Application No. 08/878,975 | Applicant(s) Nazem et al. | | |
|---|---|---|---|---|
| | Examiner Paul R. Lintz | Group Art Unit 2771 | | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 5,754,938 | 05/1998 | Herz et al | 455 | 4.2 |
| B | 5,754,939 | 05/1998 | Hertz et al. | 455 | 4.2 |
| C | 5,761,662 | 06/1998 | Dasan | 707 | 10 |
| D | 5,793,497 | 08/1998 | Funk | 358 | 402 |
| E | 5,793,972 | 08/1998 | Shane | 395 | 200.49 |
| F | 5,835,087 | 11/1998 | Herz et al. | 345 | 327 |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | Garris, John, "Grab That Database", PC Magazine, Vol. 15, No. 15, 10 September 1996, p. NE1-NE7. | 9/1996 |
| V | | |
| W | | |
| X | | |

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)    Notice of References Cited    Part of Paper No. 4

A8